# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 328 | **DATE** | 6/20/2003 |
| **CASE TITLE** | Water Business International vs. Kiss Packaging Systems, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to stay proceedings [97-1] is denied. Status hearing is set for 7/10/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

No notices required, advised in open court.
No notices required.
✓ Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

courtroom deputy's initials: MD

number of notices: 4
date docketed: JUN 23 2003
docketing deputy initials: 6/20/2003
date mailed notice: MD

Document Number: 101

Date/time received in central Clerk's Office: 03 JUN 20 PM 4:04 FILED-EO 10

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WATER BUSINESS INTERNATIONAL, L.L.C. ) ) ) ) Plaintiff, ) ) vs. ) ) KISS PACKAGING SYSTEMS, INC., REFCO ) INVESTMENTS, INC., CARTPAC, INC., AND ) FRAIN INDUSTRIES, INC., ) ) Defendants. ) ) | No. 03 C 0328<br>Judge Joan H. Lefkow |

DOCKETED
JUN 2 3 2003

## MEMORANDUM OPINION AND ORDER

This case was originally filed in October 2000 in a Texas state court by plaintiff, Water Business International L.L.C. ("WBI"), against defendants, KISS Packaging Systems, Inc. ("KPSI") and Refco Investments, Inc. ("Refco") (Cartpac, Inc. ("Cartpac") and Frain Industries, Inc. ("Frain") were joined later). Thereafter, the case was removed to the United States District Court for the Southern District of Texas, where Refco filed a counterclaim alleging that WBI and an individual acting as its guarantor failed to make 12 monthly lease payments of $1,802.00 for equipment which WBI claims did not work. Refco also brought a conversion claim against WBI for the failure to return the equipment or make lease payments. On or about December 6, 2001, KPSI filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code in the bankruptcy court for the Northern District of Illinois. An automatic stay then arose in this case pursuant to 11 U.S.C. § 262(a)(3). On January 31, 2002, WBI filed a motion for the "Entry of an Order Modifying the Automatic Stay." WBI asked the bankruptcy court for permission to

proceed against KPSI and its "related corporate entities," which included Refco, Cartpac and Frain. WBI argued that it wished "to file an amended complaint" and intended "only to file a claim against [KPSI's estate]" and would "only pursue collection against the non-debtor defendants." On that representation, the bankruptcy court granted the motion. Thereafter, pursuant to a motion brought by WBI and opposed by Refco, venue in this case was transferred from the Texas district court to this court. Currently pending is WBI's motion to stay this case which, for the reasons stated below, is denied.

"A district court has the inherent power to stay proceedings in a case where the interests of justice require such an action. To order a stay of proceedings, it must be clear that the interests of justice require it, that adjudication of the claim would be a waste of judicial effort, and that the [non-moving party] will not be substantially harmed by the delay." *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 724 (N.D. Ill. 1998) (citations omitted). WBI argues that a stay is appropriate in this case because of the pendency of the action in the bankruptcy court. According to WBI, the "watershed" issue is the existence of assets to satisfy WBI's claim, and the Chapter 7 Trustee is in the best position to determine what assets KPSI has. WBI's position is that if no assets exist, there is no reason to proceed with this case.

Moreover, WBI claims that all defendants are liable under a "single business enterprise" cause of action and that this issue can also be addressed by the bankruptcy court. WBI's counsel has been retained by the Trustee of KPSI's Chapter 7 estate and continues to investigate alter ego, single business enterprise, and other similar actions to pierce the corporate veil against Refco, Cartpac and Frain. WBI's position is that these challenges are best brought in the bankruptcy court because "a bankruptcy trustee can bring an alter ego claim of action." *Koch*

2

*Refining* v. *Farmers Union Cent. Exch.*, 831 F.2d 1339, 1345 (7th Cir. 1987). Specifically, WBI argues that a bankruptcy trustee has the power to substantively consolidate[1] the assets of debtors and non-debtors using a derivative of the alter ego doctrine. WBI maintains that Refco's counterclaim may not even belong to it if the bankruptcy court determines that substantive consolidation is appropriate because that claim would then belong to KPSI's bankruptcy estate.

In opposition to a stay, Refco (whose arguments have been adopted by Cartpac and Frain), argues that (1) WBI is merely attempting to forum shop and that the bankruptcy court is the forum in which WBI believes its claims will be best received; (2) a stay would significantly hinder and prejudice its counterclaim; (3) WBI modified the automatic stay in KPSI's Chapter 7 case to begin with; and (4) nothing in the record demonstrates that the bankruptcy court will address the issue of whether KPSI has assets to satisfy obligations to WBI because liability is entirely unproven at this time.

After reviewing the parties' arguments and the history of this case, the court concludes that a stay is not appropriate at this time. As Refco points out, any stay of this action will result in further delay of its counterclaim. WBI acknowledges such delay but argues that it is not "substantial," particularly in light of the efficiency of litigating the issues of this case in one forum. The court disagrees. The counterclaim, and all other issues of fact related to liability and damages, are to be decided by jury, and based on Seventh Circuit precedent may not be asserted

---

[1] Substantive consolidation refers to a bankruptcy court's equitable powers to "merge[] the assets and liabilities of the debtor entities into a unitary debtor estate to which all holders of allowed claims are required to look for distribution." *In re Hemingway Transp., Inc.*, 954 F.2d 1, 11-12 (1st Cir. 1992) (citation omitted); *In re Augie/Restivo Baking Co.*, 860 F.2d 515, 518 (2d Cir. 1988) ("Substantive consolidation usually results in, *inter alia*, pooling of the assets of, and claims against, the two entities; satisfying liabilities from the resulting common fund; eliminating inter-company claims; and combining the creditors of the two companies . . . ."); *see generally* 2 Collier on Bankruptcy, § 105.09[1][a]-[d] (15th ed. 1999).

3

in the bankruptcy court. *See Grabill Corp. v. NCNB Nat. Bank of N. Carolina*, 967 F.2d 1152, 1158 (7th Cir. 1992). Thus, if a stay were granted, any such factual issues would be separated from the identification of assets (and/or alter ego determination made by the bankruptcy court). This would result in delay and piecemeal litigation. Moreover, as Refco points out, the identification of assets in this case is only necessary if liability is established against the defendants. Refco steadfastly maintains that the issue of liability remains "strongly at issue" and that it should have the opportunity to finally assert its claim and defenses in this case pending for more than two years.

While WBI's argument that the counterclaim may not even belong to Refco depending on the result in the bankruptcy court concerning substantive consolidation has some merit, the court refuses to stay the action on this ground. Initially, KPSI is the only defendant in bankruptcy. Substantive consolidation of a non-debtor is not a universally accepted practice in bankruptcy courts. *Compare In re Creditors Serv. Corp.*, 195 B.R. 680, 688-90 (Bankr. S.D. Ohio 1996) and *In re United Stairs Corp.*, 176 B.R. 359, 368 (Bankr. D.N.J. 1995) *with In re Circle Land and Cattle Corp.*, 213 B.R. 870, 877 (Bankr. D. Kan. 1997); *see also, In re Bonham*, 226 B.R. 56, 83-84 (Bankr. Ak. 1998) (collecting cases allowing and disallowing substantive consolidation over a non-debtor). Rather, substantive consolidation in general is "sparingly used." *In re Circle Land and Cattle Corp.*, 213 B.R. at 875; *In re Bonham*, 226 B.R. at 83 ("If substantive consolidation of existing bankruptcy debtors is to be applied cautiously, even more care should be taken with respect to consolidating non-debtors."). Staying a case on such a ground is just as likely to result in needless delay. These factors are particularly pertinent in light of the fact that alter ego or single enterprise theories are relevant only if WBI prevails on its claims. Also, it was WBI which

originally moved to lift the stay. Although WBI claims that the nature of this case has changed since the stay was lifted, it points to no other change than the venue transfer from the Texas District Court to this court, which change was initiated by WBI. Given that the claims in this case have been pending more than two years, the appropriate course is not to further delay these claims on the assumption that liability will be proven or that a counterclaim will disappear via substantive consolidation. If WBI prevails on the liability phase of its claims, perhaps the court can address at a later date the issue of a stay because at that point judicial economy may very well favor the bankruptcy court's determination of what assets KPSI has and what relationship exists between KPSI and the rest of the defendants. Accordingly, WBI's motion for a stay is denied [#97].

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: June 20, 2003